UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MANUEL ANTONIO HERRERA-HERNANDEZ,

    Plaintiff,

v.                                             Case No. 24-C-1251

MARY RUECHEL et al.,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JODY MALONEY'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff Manuel Antonio Herrera-Hernandez, an inmate at the Oconto County Jail, is representing himself in this 42 U.S.C. §1983 action. On April 22, 2025, Defendant Jody Maloney filed a motion for summary judgment on the ground that Plaintiff failed to exhaust the administrative remedies on his claims against her. Dkt. No. 45. She also moved to file a document containing private health information under seal. Dkt. No. 48. The Court will grant the motion to file a document under seal and will grant in part and deny in part the summary judgment motion.

### BACKGROUND

Plaintiff, who at the relevant time was a pretrial detainee at the Oconto County Jail, is proceeding on Fourteenth Amendment claims against Nurse Maloney based on allegations that her responses to a self-inflicted cut on his arm and to his wellbeing while he was on a hunger strike were objectively unreasonable. *See* Dkt. No. 26; Dkt. No. 54 at ¶7. With regard to the cut, Plaintiff alleges that on August 19, 2024, he suffered a psychological breakdown at which point he began to cut his arm with a staple. Plaintiff was eventually removed from his cell, at which point Nurse Maloney allegedly looked at his arm, uttered "Oh my God," and gave him triple antibiotic

ointment. Plaintiff asserts that she did not clean or treat the cut. Plaintiff asserts that he then went on a hunger strike for about five days. Dkt. No. 54 at ¶¶8-9, 13.

During his hunger strike, on August 22, 2024, Plaintiff submitted a grievance in which he complained that correctional officers had been discriminating against him because of his race by applying rules to him that they do not apply to other inmates. He also stated that he told an officer that he was going to kill himself because officers treat him differently, but she just walked away. He asked that jail staff "[s]top this discrimination, stop treating [him] different, stop applying [their] rules just with [him], treat [him] equal . . . ." Dkt. No. 49-2. The grievance does not reference the injury to his arm, nor does it reference any complaints about the treatment he received for the injury to his arm. Plaintiff concedes that he did not file a grievance about how he was treated during the August hunger strike. Dkt. No. 54 at ¶¶11-14.

Plaintiff again stopped eating from October 4 through October 11, 2024. On October 15, 2024, Plaintiff filed a grievance about Nurse Maloney failing to check on him during his hunger strike. Nurse Maloney initially believed that Plaintiff had not completed every step of the exhaustion process, but after Plaintiff explained that he had completed all four steps of the process, Nurse Maloney conceded that Plaintiff exhausted the administrative remedies for this claim. Dkt. No. 54 at ¶¶15-23; Dkt. No. 60 at 5-6.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party

2

opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Failure to exhaust "is an affirmative defense, and the burden of proof is on the defendant." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Oconto County Jail has a four-step grievance process. For the first step—submitting the grievance—inmates are required to check a series of boxes on the electronic grievance form acknowledging that they have been informed of certain procedures and deadlines. One of the boxes on the grievance form states: "(1) issue per grievance – This grievance only addresses one issue, (a grievance form submitted with multiple issues faces denial. You may file multiple grievances if you have multiple issues[)]." Dkt. No. 49-2. In the August 22, 2024 grievance, Plaintiff described his one issue as officers discriminating against him based on his race. He offered several examples of what he believed to be discriminatory treatment, including one officer

3

walking away after he threatened to harm himself. Nowhere in the grievance does Plaintiff reference or complain about the treatment he received for his self-inflicted cut.

The Seventh Circuit has long held that to satisfy the exhaustion requirement, a prisoner must provide the institution with "notice of, and an opportunity to correct, a problem." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Plaintiff failed to provide the jail with notice of his concerns about Nurse Maloney's treatment (or lack thereof) of his self-inflicted cut. Plaintiff's insistence that he was not required to identify Nurse Maloney in the complaint misses the point. Plaintiff failed to exhaust this claim not because he failed to include her name in the grievance but because he did not notify the jail that he believed the medical treatment he received was problematic. Without notice, the jail had no opportunity to correct the problem, which is the purpose of requiring inmates to exhaust administrative remedies before they file a lawsuit.

Plaintiff also argues that he recently learned that Nurse Maloney had a handheld radio with her as officers communicated about Plaintiff's threats of self-harm. According to Plaintiff, his claim against her is therefore not based only on her failure to adequately treat his injury but is also based on her failure to respond to his threats before he harmed himself. Plaintiff does not state a claim against Nurse Maloney on this basis. The Seventh Circuit has explained that "there is no general duty of rescue" under §1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. . . . [P]eople who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen." *Id.* As Plaintiff acknowledges, it was obvious from radio chatter that officers knew about Plaintiff's threats and eventual self-harm; it was not Nurse Maloney's role to tell officers how to do their jobs. Her role was to provide medical treatment to inmates, and her alleged failure to adequately do so was the factual basis underlying Plaintiff's claim against her. As explained above, Plaintiff did not exhaust the administrative

4

remedies on that claim before he filed this lawsuit, so she is entitled to summary judgment on that claim.

Next, Plaintiff concedes that he did not file a grievance about the treatment he received during his first hunger strike from August 19 through August 24, 2025. Accordingly, to the extent Plaintiff states a claim in his amended complaint against Nurse Maloney (or any other Defendant) based on those allegations, that claim must be dismissed without prejudice based on Plaintiff's failure to exhaust the administrative remedies. Finally, Nurse Maloney concedes that Plaintiff exhausted the administrative remedies on his claim against her in connection with his second hunger strike from October 4 through October 11, 2024, so she is not entitled to summary judgment on that claim.

## OTHER MOTIONS

On June 16, 2025, Plaintiff filed a motion for leave to file a sur-reply, arguing that Nurse Maloney had raised new arguments in her reply brief. Nurse Maloney did not raise new arguments; she merely elaborated on the arguments she raised in her opening brief to explain how Plaintiff had misunderstood her arguments. Because under Civil L. R. 56 briefing is complete after the moving party files its reply brief and because Plaintiff has not demonstrated good cause for allowing an exception to that rule, the Court will deny Plaintiff's motion for leave to file a sur-reply.

Finally, on June 2, 2025, Plaintiff filed a motion to compel. His primary concern was that he had not received copies of all the grievances he had filed. Plaintiff conceded that the County Defendants' responses to his second set of discovery requests were not yet due as of the time he filed his motion, but he emphasized his need for the grievances in order to respond to Nurse Maloney's motion for summary judgment on exhaustion grounds. Defendants assert in their responses to Plaintiff's motion that Plaintiff did not confer with them before he filed his motion as required by Civil L. R. 37, and the County Defendants confirm that they have now fully responded

5

to Plaintiff's discovery requests. Given that Plaintiff did not comply with Civil L. R. 37 and given that Defendants have now responded to Plaintiff's discovery requests, the Court will deny Plaintiff's motion to compel.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Nurse Maloney's motion for summary judgment on exhaustion grounds (Dkt. No. 45) is **GRANTED-IN-PART** and **DENIED-IN-PART**, and her motion to seal (Dkt. No. 48) is **GRANTED**. Plaintiff's claim that Nurse Maloney provided inadequate medical treatment on August 19, 2024 is **DISMISSED without prejudice**, as is his claim that Defendants responded unreasonably to his August 2024 hunger strike.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (Dkt. No. 58) and his motion for leave to file a sur-reply (Dkt. No. 62) are **DENIED**.

Dated at Green Bay, Wisconsin this 27th day of June, 2025.

_____
William C. Griesbach
United States District Judge