UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MANUEL ANTONIO HERRERA HERNANDEZ,

      Plaintiff,

      v.                                Case No. 24-C-1251

LT. MARY RUECHEL et al.,

      Defendants.

---

## DECISION AND ORDER

---

Plaintiff Manuel Antonio Herrera Hernandez, who is confined at the Oconto County Jail, is representing himself in this 42 U.S.C. §1983 action. On March 26, 2026, the Court granted Defendants' motions for summary judgment and dismissed this case. On April 6, 2026, Plaintiff filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment. The Court will deny the motion for the reasons explained below.

Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the Court entering judgment. To obtain relief under Rule 59(e), a petitioner must demonstrate a manifest error of law or present newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). Plaintiff does neither. Plaintiff first highlights that Defendants failed to comply with Civil L. R. 56(a)(1)(A) in that their motions did not include the notice required by that provision. But Plaintiff was not harmed by this omission because *the Court* provided Plaintiff with this notice shortly after Defendants filed their motion and had previously provided Plaintiff with copies of the relevant rules. Dkt. Nos. 35, 106.

Plaintiff next asserts that, shortly after Defendants filed their reply brief highlighting that he had failed to respond to their proposed statements of fact, Plaintiff filed a motion for leave to

supplement his response materials with responses to Defendants' proposed statements of fact. Plaintiff acknowledges that this filing is not on the docket and suggests that jail officials must have tampered with his mail. Plaintiff requests that the Court consider his responses even though they were not timely filed. Plaintiff's assertions regarding his late attempt to respond to Defendants' proposed statements of fact are not sworn nor made under penalty of perjury. Plaintiff also did not include a copy of the filings along with this motion. Accordingly, there is nothing for the Court to consider. Also, the Court notes that, earlier in the case, Defendants moved for partial summary judgment on exhaustion grounds. In response, Plaintiff properly responded to their proposed statements of fact. *See* Dkt. No. 54. Plaintiff was therefore aware of this requirement and has offered no reason why the Court should excuse his later failure to comply with it.

Finally, Plaintiff again highlights that English is not his first language, and he has only limited education. But, as the Court explained multiple times, notwithstanding Plaintiff's lack of formal education, his filings were clear, well-reasoned, organized, and thorough. *See* Dkt. nos. 39, 80. Indeed, they were more sophisticated than the majority of documents filed by pro se prisoners. Accordingly, the Court continues to believe that Plaintiff was capable of representing himself through summary judgment. In short, Plaintiff fails to demonstrate that the Court made a manifest error of law when it granted Defendants' motions for summary judgment, so his motion to alter or amend the judgment must be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to alter or amend the judgment (Dkt. No. 125) is **DENIED**.

Dated at Green Bay, Wisconsin this 10th day of April, 2026.

William C. Griesbach
United States District Judge