**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MANUEL ANTONIO HERRERA HERNANDEZ,**

      **Plaintiff,**

      **v.**                                      **Case No. 24-C-1251**

**LT. MARY RUECHEL et al.,**

      **Defendants.**

---

### DECISION AND ORDER

---

Plaintiff Manuel Antonio Herrera Hernandez, who is confined at the Oconto County Jail, is representing himself in this 42 U.S.C. § 1983 action. On March 26, 2026, the Court granted Defendants' motions for summary judgment and dismissed this case. On April 6, 2026, Plaintiff filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment. The Court denied the motion on April 10, 2026. A few days later, Plaintiff filed a notice of appeal. On April 24, 2026, notwithstanding the pending appeal, Plaintiff filed a second motion to alter or amend the judgment. He raises the same arguments as he did in his first motion, and the Court will deny the motion for the same reasons.

As previously explained, Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the Court entering judgment.[1] To obtain relief under Rule 59(e), a petitioner must demonstrate a manifest error of law or present newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). Plaintiff does neither.

Plaintiff again highlights that English is not his first language and that he has only limited education. While relevant, these facts are not sufficient on their own for the Court to conclude

---

[1] Per the prison mailbox rule, Plaintiff's filing, which he signed on April 10, 2026, was timely.

that he lacks the capacity to represent himself. The Court has explained multiple times that Plaintiff's filings are far more sophisticated than what the Court sees from other prisoner plaintiffs. The Court continues to believe Plaintiff was capable of representing himself through summary judgment. Accordingly, Plaintiff has not demonstrated that the Court erred when it denied his motions to appoint counsel.

Plaintiff also repeats his argument that the Court erred when it considered Defendants' proposed findings of fact as undisputed based on his failure to respond. Plaintiff highlights that Defendants did not include in their motion the notice required by Civil L. R. 56(a)(1)(A), so he was not informed of the consequences of failing to respond to Defendants' proposed findings of fact. Plaintiff's argument fails for multiple reasons. First, the *Court* provided Plaintiff with the required notice. On October 22, 2025, the Court entered a Notice and Order, in which it advised Plaintiff that he "must respond to each of the proposed facts by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact." Dkt. No. 106. The Court went on to clarify that "Plaintiff does not satisfy his obligations by simply filing a declaration with his version of the facts. Civil L. R. 56(b)(2)(B) requires Plaintiff to respond to *each* proposed fact." *Id.* The Court warned that, "[i]f Plaintiff does not respond to a proposed fact, the Court will assume that Plaintiff does not dispute the proposed fact and will accept the proposed fact as true, regardless of contrary statements in a declaration. *See* Civil L. R. 56(b)(4)." *Id.* Plaintiff does not address his failure to comply with the Court's straightforward Notice and Order.

Next, Plaintiff was aware of and demonstrated his ability to comply with this rule. On April 22, 2025, Defendant Jody Maloney moved for summary judgment on exhaustion grounds. The Court entered a Notice and Order providing the same information outlined above about the proper way to respond to the motion and the consequences for failing to properly respond. On May 19, 2025, Plaintiff responded to *each* of Maloney's proposed findings of fact consistent with

2

the Court's instructions. Accordingly, his current assertions that he was unaware of how to properly respond are simply not plausible.

Finally, Plaintiff notes that, shortly after receiving Defendants' reply brief highlighting his failure to respond to their proposed findings of fact, he filed a motion asking for leave to supplement his materials with responses to Defendants' proposed findings of fact. According to Plaintiff, he mailed the motion and his responses on February 2, 2025. He acknowledges, however, that the Court did not receive this filing because the filing was not docketed.[2] Under Fed. R. Civ. P. 56(e), if a party fails to properly address another party's assertion of fact, the Court may give an opportunity to properly assert the fact, consider the fact undisputed for purposes of the motion, grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it, or issue any other appropriate order. Here, in light of Plaintiff's failure to respond to Defendants' assertions of fact, the Court considered Defendants' facts as undisputed and granted summary judgment in their favor, as allowed under Fed. R. Civ. P. 56(e). Put plainly, Plaintiff has not demonstrated that the Court made a manifest error of law, so his second motion to alter or amend the judgment must be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's second motion to alter or amend the judgment (Dkt. No. 142) is **DENIED**.

Dated at Green Bay, Wisconsin this 6th day of May, 2026.

William C. Griesbach
United States District Judge

---

[2] Plaintiff filed his second motion to alter and amend the judgment along with his responses to Defendants' assertions of fact on April 24, 2026, three months after Defendants' motions for summary judgment were fully briefed and a month after the Court's decision granting summary judgment in Defendants' favor. Plaintiff states that he could not file the responses with his first motion to alter or amend the judgment because he is indigent and could not afford the $4.00 copying fee. The Court notes that, per a recently filed trust account statement, for the period of October 27, 2025 through April 1, 2026, Plaintiff received deposits of $806 into his account. Dkt. No. 133.

3